FRANCISCO C. CHARGUALAF, et al., Appellees

v.

JOAQUIN CANDASO LUJAN, et al., Appellants

Civil No. 76-025A

District Court of Guam

Appellate Division

June 1, 1977

Before DUENAS and WONG, *District Judges*, and HEF-NER, *Designated Judge*

## PER CURIAM

### OPINION

This appeal involves two land registration petitions. The two petitions seek to register the exact same land. The land in question consists of six lots in the Municipality of Merizo. Title to the six lots is held in the heirs of Felix Barcinas Candaso. On April 20, 1956, a Decree of Final Distribution was entered in Probate Matter No. 625-47, in which the lots in question were distributed to the heirs of Felix Barcinas Candaso in undivided interests.

Case No. 76-72 involves a petition by Francisco Candaso Chargualaf and other heirs of Felix Barcinas Candaso to register the six lots in the name of H.O. Felix Barcinas Candaso. Case No. 3-73 involves a counter petition by

Joaquin C. Lujan and his brothers and sisters, who are all grandchildren and heirs of Felix Barcinas Candaso but base their right to register the land in question on the basis of adverse possession.

On June 26, 1974, Judge Joaquin Perez entered a Decree Establishing Title to the H.O. of Felix B. Candaso, thus granting the petition in Case No. 76-72 and denying the petition in Case No. 3-73.

On July 15, 1974, the appellants filed a motion with the trial court for an extension of time in which to file their notice of appeal. The motion for an extension was granted by Judge Perez apparently ex parte on July 15, 1974. On July 16, 1974, appellants filed their notice of appeal.

## APPEAL SHOULD BE DISMISSED

Rule 2(a) of the Rules of the Appellate Division of the District Court of Guam provides, "When an appeal is permitted by law from the Island Court to the District Court, the time within which a Notice of Appeal may be filed shall be fifteen (15) days from the entry of the judgment appealed from, . . . ." The decree establishing title in Case No. 76-72 was signed by Judge Perez on June 26, 1974, and entered on the same day. The time in which to file a notice of appeal ran out on July 11, 1974. The notice of appeal was filed on July 16, 1974, after Judge Perez granted appellants' motion of July 15, 1974, to extend the time in which to file a notice of appeal. Appellants' counsel stated by affidavit that he was never served with a copy of the Decree Establishing Title nor was he informed of its entry and discovered the entry on July 15, when he asked a clerk from his office to review the court file. In Guam, the time for taking an appeal begins to run at the entry of the judgment, not upon notice of the entry of the judgment.

According to 4 Am.Jur.2d Appeal and Error, Sec. 293, the power to extend the time to appeal may be conferred

upon the trial court by statute; however, if not conferred by statute, then the trial court has no inherent power to extend the time for taking an appeal. Perfection of the review proceeding within the time limited by statute or practice rule is jurisdictional. Consequently, the trial court had no power to grant an extension. The notice of appeal was untimely filed. This court is without jurisdiction to consider an appeal, which had been taken subsequent to the expiration of the statutory period. *Re Hanley*, 23 Cal.2d 120, 142 P.2d 423.

The appeal is hereby dismissed.